

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | | |
|---|---|---|
| JAMES TEAL, | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:24-6321-MGL |
| | § | |
| ROBERT WOODS, *Director of the S. Carolina* | § | |
| *Dep't of Public Safety*, | § | |
| Defendant. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
SUMMARILY DISMISSING THIS CASE WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS,
AND DEEMING AS MOOT ALL REMAINING MOTIONS**

Plaintiff James Teal (Teal), who is representing himself, filed this action against Defendant Robert Woods (Woods), Director of the S. Carolina Dep't of Public Safety, alleging violations of his constitutional rights under 42 U.S.C. § 1983 (Section 1983).

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court summarily dismiss this case without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on February 4, 2025. To date, the parties have failed to file any objections.

"[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case under the standards set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court this case is summarily **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

Because the Court is dismissing this action, Woods's motion to dismiss for failure to state a claim and Teal's motion for a jury trial are necessarily **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 11th day of April 2025, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE


*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of their right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.